UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

JAMAAL LEWIS, SR.,

    Plaintiff,

v.

GREGORY KIZZIAH, Warden

    Defendant.

Civil Action No. 7:17-6-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jamaal Lewis, Sr. is an inmate confined at the United States Penitentiary ("USP")-Big Sandy in Inez, Kentucky. Proceeding without an attorney, Lewis has filed a pro se civil rights complaint regarding his parole eligibility. [R. 18] Defendant has filed a motion to dismiss Lewis's complaint pursuant to Fed. R. Civ. P. 12(b) for failure to state a claim. [R. 25] Lewis has filed a response [R. 27] and Defendant has filed a reply [R. 28] Thus, this motion has been fully briefed and is ripe for review.

**I.**

On October 6, 2006, Lewis was sentenced by a Department of the Army, General Court-Martial to a life term of confinement with the possibility of parole for his convictions of the following: 1) attempted robbery in violation of 10 U.S.C. § 880; 2) murder in violation of 10 U.S.C. § 918; and 3) aggravated assault with a firearm in violation of 10 U.S.C. § 928. [R. 18, 25-1] While he was serving this sentence, Lewis was again court martialed and sentenced on December 16, 2011 to a 4-year term of confinement for his convictions of: 1) willfully disobeying a superior non-commissioned officer in violation of 10 U.S.C. § 890; 2) mutiny in violation of 10 U.S.C. § 894; 3) damaging military

property in violation of 10 U.S.C. § 908; 4) assault and battery in violation of 10 U.S.C. § 928; and 5) kidnapping in violation of 10 U.S.C. § 934. [R. 18-4, 25-1]

Although Lewis began serving his sentence in Army custody at the United States Disciplinary Barracks ("USDB") at Ft. Leavenworth, Kansas, he was transferred to the custody of the federal Bureau of Prisons ("BOP") in July 2012. [R. 18, 25-1] On October 30, 2014, Lewis applied to the United States Parole Commission ("USPC") for an initial parole hearing. [R. 25-1] Lewis states that the BOP initially calculated his parole eligibility date as September 6, 2015, which coincided with his service of 10 years on his life sentence. [R. 18; 25-1 at p. 3] According to Lewis, although he signed paperwork to appear before the USPC, his case manager at FCI-Hazelton did not turn in the paperwork because she did not believe that Lewis' parole eligibility date was correct. [R. 18] According to Defendant's motion, as the USPC prepared to conduct Lewis' parole hearing, a USPC employee contacted USDB to obtain Lewis' records, at which time a USDB employee informed the USPC employee that, because Lewis was serving a life sentence, he should not be eligible for parole until he has served 20 years of his life sentence. [R. 25; 25-1 at p. 11] Thus, according to the USDB employee, Lewis' parole eligibility date should be changed to September 5, 2025. [*Id.*]

Accordingly, the BOP changed its computation to correct Lewis' parole eligibility date to September 5, 2025. [R. 18-4 at p. 4] Lewis claims that the BOP is now wrongfully denying him parole privileges because it is enforcing an allegedly inaccurate parole eligibility date. Lewis filed this lawsuit as a civil rights action seeking declaratory judgment and injunctive relief. [R. 1]

**II.**

First, it is not entirely clear that Lewis may raise his claims in a civil rights action filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). To the extent that Lewis' civil complaint seeks an earlier or immediate release from physical custody, his only remedy is to seek a writ of habeas corpus; he may not use a civil action to directly or indirectly

2

undermine or impugn the validity of his criminal conviction. A habeas corpus proceeding is the only mechanism available for him to do so. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the United States Supreme Court held that a state prisoner may challenge the *constitutionality* of state parole procedures in an action filed under 42 U.S.C. § 1983 seeking declaratory and injunctive relief and, accordingly, was not limited to seeking relief exclusively under the federal habeas corpus statute. *Id.* However, Lewis' claim is that the BOP's enforcement of the September 2025 parole eligibility date violates Lewis' rights under 10 U.S.C. § 858 and 18 U.S.C. § 4205(a). Indeed, his amended complaint makes no reference to his constitutional rights at all.

However, even assuming that Lewis' claims do somehow implicate his constitutional rights, they are without merit. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). When addressing a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff and accepts as true all 'well-pleaded facts' in the complaint. *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014). Because Lewis is proceeding without the benefit of an attorney, the Court reads his complaint to include all fairly and reasonably inferred claims. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

The Department of Defense ("DOD") policy regarding parole eligibility provides that "[i]n cases in which a prisoner is convicted of an offense committed after February 15, 2000, and has been sentenced to confinement for life, the prisoner must have served at least 20 years of confinement" before being eligible for release on parole. [R. 25-2 at p. 28, Attachment 2: Department of Defense Instructions (DoDI) 1325.07, Enclosure 2, § 18(a)(2)(c) (March 11, 2013)] Lewis does not dispute that: 1) he was sentenced by a military court after February 15, 2000; and 2) he was sentenced to

confinement for life. Thus, pursuant to DOD policy, he must serve 20 years of confinement before being eligible for parole.

Nor does Lewis dispute that, had he remained in military custody for the duration of his sentence, the DOD policy would regarding parole eligibility would have applied to him and he would not be eligible for release on parole until he had served at least 20 years of confinement. However, according to Lewis, after he was transferred to BOP custody, the USDB ceased to be the controlling authority under 10 U.S.C. §§ 4202, 4203 with respect to the determination of his parole eligibility date. [R. 18 at p. 2] Thus, Lewis argues that the BOP may not rely on the parole eligibility date provided by the USDB (determined pursuant to the DOD policy), but instead must apply the federal parole statutes to determine his parole eligibility date. According to Lewis, he should be eligible for parole after serving only 10 years of his sentence in accordance with 18 U.S.C. §4205(a), which provides that "[w]henever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law." 18 U.S.C. § 4205.

However, as noted by Defendant, § 4205 was repealed by the Sentencing Reform Act of 1984, and since the repeal, only applies in cases where the crimes were committed before November 1, 1987, the effective date of the repeal. *See* 18 U.S.C. §§ 4201 to 4218, Repealed, Pub.L. 98-473, Title II, § 218(a)(5), Oct. 12, 1984, 98 Stat. 202718 U.S.C. § 4202. *See also* 18 U.S.C. § 3551. Since Lewis was sentenced by a military court in 2006, well after the federal parole statutes were repealed, § 4205 simply does not apply to him.

In arguing that he is, nonetheless, entitled to have his parole eligibility determined by § 4205, Lewis relies partly upon 10 U.S.C. § 858(a), which provides that

> a sentence of confinement adjudged by a court-martial…may be carried into execution by confinement…in any penal or correctional institution under the control of the United States, or which the United States may be allowed to use. Persons so confined in a penal or correctional institution not under the control of one of the armed forces are subject to the same discipline and treatment as persons confined or committed by the courts of the United States or of the State, District of Columbia, or place in which the institution is situated.

10 U.S.C.A. § 858. According to Lewis, § 858 incorporates the federal parole eligibility standards of § 4205, such that, after his transfer from military custody to BOP custody, the military parole eligibility standards no longer apply to him. [R. 27 at p. 4] However, the cases cited by Lewis for this proposition, *King v. Federal Bureau of Prisons*, 406 F.Supp. 36 (E.D. Ill. 1976) and *O'Callahan v. Attorney General*, 230 F.Supp. 766 (D. Mass. 1964) both predate the Sentencing Reform Act which repealed the federal parole statutes.

Moreover, in *King*, a case in which the application of the federal parole eligibility standards of 18 U.S.C. § 4202 resulted in an increase in a military prisoner's minimum term of confinement, the Court held that there is no rational basis for the increase to his term of confinement based solely on a change in his place of confinement from a military to a federal prison. *King*, 406 F.Supp. at 39. The Court then explained

> Since there is no rational basis for calculating petitioner's parole eligibility pursuant to the statute applicable to federal prisoners, 10 U.S.C. § 858(a) is unconstitutional. It unconstitutionally discriminates against petitioner by denying him the same parole treatment provided to military prisoners who are not transferred to a federal penitentiary. To provide petitioner equal protection of the laws his parole eligibility must be calculated in the same manner as these prisoners. The Court therefore finds that petitioner's parole eligibility should be calculated pursuant to the Army regulation and that he is therefore eligible for parole after serving ten years.

*Id*.

Lewis relies on *King* to argue that the failure to apply § 4205(a)'s parole eligibility requirements to him amounts to discrimination against him by denying him the same parole treatment of ordinary federal prisoners. [R. 27 at p. 4] However, Lewis overlooks that "ordinary federal

prisoners" are not entitled to parole at all. Moreover, Lewis is comparing himself to the wrong set of prisoners. In *King*, the Court held that the failure to treat the petitioner in the same manner *as other military prisoners* who had not been transferred to a federal facility was discriminatory. Thus, applying *King* requires that Lewis' parole eligibility date be determined by applying the same standards and polices applicable to other military prisoners who have not been transferred to BOP custody. Indeed, applying the logic of *King*, it would be discriminatory to find that Lewis should be eligible for parole significantly sooner than other inmates remaining in military custody simply because he was transferred to a BOP facility.

Finally, Lewis points to the USPC Manual, which provides that "[p]risoners sentenced by military courts-martial and then transferred to a federal institution come under the exclusive jurisdiction of the United States Parole Commission for parole purposes." United States Parole Commission Rules and Procedures Manual, 2.2-03. *Military Prisoners,* available at https://www.justice.gov/sites/default/files/uspc/legacy/2010/08/27/uspc-manual111507.pdf. However, this grant of exclusive jurisdiction does not preclude the USPC from deferring to the BOP with respect to calculation the parole eligibility date. As noted by Defendants, the USPC, essentially an agency of the Department of Justice ("DOJ"), is not declining jurisdiction; rather it is electing to defer to the BOP, another DOJ agency, with respect to the determination of the parole eligibility date. *See Gomez v. U.S. Parole Comm'n*, No. CIV. 05-3829 (RBK), 2006 WL 2465628, at *7 (D.N.J. Aug. 19, 2006), *aff'd*, 246 F. App'x 102 (3d Cir. 2007) (noting that "[t]he USPC relies on the BOP to compute a federal prisoner's sentence, which would include certain dates pertinent to the USPC's activities, such as, the parole eligibility date, the two-thirds date, and mandatory release date, but it is the USPC that makes the substantive determination as to whether parole should be granted."). In turn, the BOP defers to the Records Office of the U.S. Army Disciplinary Barracks in Fort Leavenworth, Kansas, with respect to military sentence computations. [R. 25-3, Attachment 3: BOP

Program Statement 5110.16(4) (Sept. 13, 2011)(the BOP "must accept the sentence computation provided by military authorities, and refer suspected errors, or challenges to the sentence computation by the inmate, to the military Records Office for resolution.")] As Lewis was sentenced by a military court, not a civilian court, this deference is entirely appropriate.

For all of these reasons, the Court finds that Lewis fails to state a claim that the BOP's determination of his parole eligibility date violates his constitutional rights or that he is otherwise entitled to relief in this case. Indeed, Lewis' current parole eligibility date as calculated by the BOP is consistent with the applicable BOP and DOD policies. Thus, Lewis' complaint will be dismissed.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Motion to Dismiss [R. 25] is **GRANTED**.

2. Plaintiff's Amended Complaint [R. 18] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter a judgment contemporaneously with this order.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Entered: February 20, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY